### CORBETT *v.* NORCROSS.

The fifth section of chapter 190, Revised Statutes, giving to a party against whom an action may be brought for the recovery of real estate, the right to file with his plea a brief statement, claiming betterments, is not in conflict with section 3, chapter 187, Revised Statutes, providing that no special plea shall ever be required in any civil action, except the plea of title to real estate before justices of the peace.

A brief statement, claiming betterments according to the provisions of section 5, chapter 190, Revised Statutes, may, in the discretion of the court, be filed at the second term after the entry of the action, upon such terms as the court may impose.

WRIT OF ENTRY.   The action was commenced in the eastern judicial district of this county, and entered at the November term of the Common Pleas, 1848.   At the November term, 1849, the defendant first pleaded the general issue, and then moved to file a suggestion under the statute for betterments.   To this the plaintiff objected. The court, regarding such suggestion as governed by the same rule as a special plea, or brief statement, was of opinion that the same might be filed upon terms; that the action should be continued, if the plaintiff so elected, and that the defendant should pay costs of the term and tax none.   The defendant desired the benefit of an exception to this proposed order, to which the court assented; and thereupon the questions arising upon the proposed order and notice were reserved and assigned to this court for their determination.

*Bell* and *Lyford*, for the plaintiff.

*Perley*, *Quincy* and *Thompson*, for the defendant.

EASTMAN, J.   The allowance for betterments is one given by statute, and the same section which gives the right to the defendant to set up the claim, in an action against him

for the land in his possession, also prescribes the manner in which it shall be done.

By section 5, chapter 190, Revised Statutes, it is provided that "any person, against whom any action may be brought for the recovery of real estate, may with his plea file a brief statement, setting forth that he and the persons under whom he claims have been in the actual, peaceable possession thereof, under a supposed legal title, for more than six years before the action was commenced, and that the value thereof has been increased by them by buildings or other improvements."

Section 3, chapter 187, Revised Statutes, is as follows: "No special plea shall ever be required in any civil action, except a plea of title to real estate before justices of the peace. Either party may give in evidence any matter in support or defence of the action under the general issue, upon filing in court a brief statement thereof within such time as the court may order."

And by the 9th section of chapter 171 of the Revised Statutes, it is provided that the justices of the Superior Court shall make, from time to time, all necessary rules and orders for conducting the business in said court and in the Court of Common Pleas.

Under this last provision of the statute certain rules have been adopted for the government of the proceedings and business of the courts, one of which (rule 7) is as follows: "All special pleas shall be filed with the clerk of the court, or delivered to the plaintiff's attorney, within ninety days from the commencement of the term when the action is entered; otherwise, the cause shall be tried upon the general issue, and no special plea shall be received otherwise than as aforesaid, but upon payment of all costs occasioned by the neglect to file the same in season." The 10th rule provides that the rule relating to the filing of special pleas shall apply to "brief statements," filed in pursuance of the statute.

If, then, the statute giving the defendant the right to file with his plea a brief statement claiming betterments, is not to be construed as an exception to the general statute providing that special pleas shall not be required, but that brief statements may be filed instead, then the ruling of the court below was correct. And upon examination we can discover no good reason for excepting this from the general statute. One object of a special plea is the introduction of new matter to the notice of the opposing party, of which he could not be presumed to have any knowledge, or be prepared to meet under the general issue. Brief statements are substitutes for special pleas in this respect, and are designed for the same purpose, without the forms and technicalities of strict pleading. Anything which would require to be pleaded specially, if not so pleaded must be embraced in a brief statement; otherwise, the party cannot give it in evidence under the general issue. Now there can be no doubt that, if there were no provision of the statute permitting brief statements to be filed instead of special pleas, such matter as a claim for betterments would have to be pleaded specially. A party coming into court with an action for the recovery of real estate would not be obliged to be provided with evidence to rebut any claim that might be set up for betterments in addition to proof of his title. The claim itself upon a writ of entry is one specially given by statute, and, were it not for the provision that it may be shown under a brief statement, would, upon the general principles of pleading, have to be set forth specially; or, under the general statute, might be set forth in a brief statement. We therefore conclude that the special statute, giving a party the right to file with his plea a claim for betterments, is in no respect in conflict with the general statute in regard to pleading; that the special statute in this respect is in fact embraced within the terms of the general one; and that a brief statement, claiming betterments, must

come under the operation of the rules of court before alluded to, and be filed accordingly.

According to these views this brief statement should have been filed, under the 7th and 10th rules, within ninety days from the commencement of the term when the action was entered. It was not so filed; but still it was within the discretion of the Common Pleas to receive it at a subsequent time, upon the payment of all costs occasioned by the neglect to file it in season. That discretion the court below undertook to exercise, and this court will not interfere with it. The brief statement could be received at the term it was offered, and the imposition of terms was correct.

*Ruling sustained.*